Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMA THOMPSON, | ) **Case No.:** |
| | ) |
| Plaintiff | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **1. VIOLATION OF THE FAIR** |
| | ) **DEBT COLLECTION PRACTICES** |
| MEDICREDIT, INC., | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | ) **2. VIOLATION OF THE** |
| Defendant | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

TOMA THOMPSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

- 1 -

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Antioch, California 94509.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

PLAINTIFF'S COMPLAINT

8.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant is a national debt collection company with its corporate headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone that she has had for at least one year.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     By way of background, Defendant began calling Plaintiff in March 2015 on her cellular telephone in an attempt to contact two unknown third parties named Robert Woods and Amy Hadley.

16.     Defendant contacted Plaintiff from numbers, including but not limited to: (888) 444-1786.

17.     Plaintiff told Defendant to stop calling and that it was calling the wrong number in March 2015.

PLAINTIFF'S COMPLAINT

18. However, Defendant ignored Plaintiff's request that the calls stop and indication that it was calling the wrong number and continued to call her through late September 2016.

19. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

20. During this time, Plaintiff repeatedly told Defendant that they were calling the wrong number, but the calls continued.

21. Plaintiff has been receiving automated and live calls from Defendant.

22. Plaintiff knew she was receiving automated calls from Defendant since they would begin with a pre-recorded voice.

23. It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on her cellular telephone.

24. Finally in order to get the calls to stop, Plaintiff downloaded a blocking application to her cellular telephone to block calls from Defendant.

25. Upon information and belief, Defendant conducts business in a way which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

26. A debt collector violates § 1692d by engaging in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28.     Defendant violated §§ 1692d and 1692d(5) when it placed repeated telephone calls to Plaintiff's cellular telephone within the one year period preceding the filing of this Complaint knowing during that time that its calls were unwanted and that it was calling the wrong number.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

29.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31.     Defendant's calls to Plaintiff were not made for emergency purposes.

32.     Defendant's calls to Plaintiff, on and after March 2015, were not made with Plaintiff's prior express consent.

PLAINTIFF'S COMPLAINT

33.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, TOMA THOMPSON, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

d.   All actual damages suffered pursuant to 47 U.S.C.

PLAINTIFF'S COMPLAINT

§ 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TOMA THOMPSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: September 28, 2016        By: /s/ Amy L. Bennecoff Ginsburg
                         Amy L. Bennecoff Ginsburg
                         Kimmel & Silverman, P.C.
                         30 East Butler Pike
                         Ambler, Pennsylvania 19002
                         Phone: (215) 540-8888
                         Facsimile: (877) 788-2864
                         Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT